Argued July 7, reversed October 19, 1966

## PHILLIPS ET UX *v.* BARKER

419 P. 2d 15

*Howard R. Lonergan,* Portland, argued the cause and filed a brief for appellant.

*George P. Winslow,* Tillamook, argued the cause and filed a brief for respondent.

*R. W. Nahstoll,* Portland, argued the cause as amicus curiae. With him on the brief was Gunther F. Krause, Portland, amicus curiae.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

GOODWIN, J.

This appeal presents a jurisdictional question arising out of multicounty and interstate litigation over the custody of three children. The trial court awarded the custody to the plaintiffs, Robert M. Phillips, Jr., and Patsy Lynn Phillips, husband and wife. Robert M. Phillips, Jr., is the brother of Judith Phillips Barker, the deceased mother of the children. Roland Barker, the defendant father, appeals.

The parties in the court below and in this court have devoted much of their attention to their relative merits as custodians. We do not reach the merits because the trial court was without jurisdiction in the matter and should have dismissed the suit.

The relevant chronology is as follows:

On June 7, 1963, Roland Barker and Judith Phillips Barker were divorced. Custody of the three children was awarded to Judith.

On July 12, 1963, Judith died.

On August 8, 1963, all three children were made temporary wards of the "County Court of Tillamook County, Juvenile Department,"[1] with temporary custody awarded to Mr. and Mrs. Phillips. The grounds for wardship were the death of the mother and the fact that the father was in jail. ORS 419.476.[2]

---

[1] The nomenclature of all juvenile courts in this state is provided in ORS 419.474 (1). While this litigation was pending, ORS 3.130 was amended by Oregon Laws 1965, ch 247, p. 447, to transfer juvenile jurisdiction from the County Court of Tillamook County to the Circuit Court for that county.

[2] ORS 419.476 "(1) The juvenile court has exclusive original

(Continued on page 515)

On September 23, 1963, the Tillamook County Court, Juvenile Department, dismissed its proceedings on the ground that the residence of Mr. and Mrs. Phillips had been removed to Lane County and the children were then residing in Lane County. Contemporaneously, a petition was filed in the Circuit Court of Lane County, Juvenile Department, alleging that the children were in Lane County and in need of wardship because of the failure of the father to provide them a proper home.

On November 27, 1963, the Circuit Court of Lane County, Juvenile Department, after making findings and conclusions, ordered that the children be made wards of the court until further order of the court, for the reason that the father of the children was temporarily unable to provide the children a suitable home. Temporary custody was ordered to remain with Mr. and Mrs. Phillips. This order was never appealed or challenged in any manner.

On February 24, 1964, the Circuit Court of Lane County, Juvenile Department, continued temporary custody of two girls, Debra and Kimberly, with Mr. and Mrs. Phillips, and awarded temporary custody

---

(Continued from page 514)

jurisdiction in any case involving a person who is under 18 years of age and:

"\* \* \* \* \*

"(e) Either his parents or any other person having his custody have abandoned him, failed to provide him with the support or education required by law, subjected him to cruelty or depravity or failed to provide him with the care, guidance and protection necessary for his physical, mental or emotional well-being; or

"\* \* \* \* \*.

"(2) The court shall have jurisdiction under subsection (1) of this section even though the child is receiving adequate care from the person having his physical custody.

"(3) The provisions of subsection (1) of this section do not prevent a court of competent jurisdiction from entertaining a civil action or suit involving a child."

of the boy, Ronald, to his father. The court also ordered the father to pay Mr. and Mrs. Phillips part of the support of the two girls. All three children were continued as wards of the Circuit Court of Lane County, Juvenile Department. No appeal was taken from this order.

On August 25, 1964, the Circuit Court of Lane County, Juvenile Department, entered an order consenting to the removal of Debra and Kimberly from the state of Oregon by Mr. and Mrs. Phillips, who represented that they were establishing residence in Los Angeles, California.

On December 22, 1964, the Lane County Juvenile Department entered an order reciting that all pending criminal proceedings against the father had been terminated, awarding temporary custody of the two girls to the father, and providing that wardship continue, with casework supervision to be under the direction of the County Court of Tillamook County, Juvenile Department. At that time, the father was making his home in Tillamook County.

On January 12, 1965, the Circuit Court of Lane County, Juvenile Department, ordered Mr. and Mrs. Phillips to deliver the two girls to their father on January 25, 1965, at the Los Angeles County Sheriff's office.

On January 28, 1965, the Circuit Court of Lane County, Juvenile Department, entered an order requiring Mr. and Mrs. Phillips to show cause why they should not be held in contempt for their refusal to comply with the order of January 12, 1965.

On March 3, 1965, the Circuit Court of Lane County, Juvenile Department, transferred wardship of the boy to the County Court of Tillamook County, Juvenile Department, pursuant to ORS 419.549, re-

citing a request from Tillamook County for such action. The same day, the District Court of Appeal for the Second District of California granted a writ of habeas corpus ordering Mr. and Mrs. Phillips to surrender the custody of Debra and Kimberly to their father pursuant to the orders previously entered by the Circuit Court of Lane County, Juvenile Department. See *In re Barker,* 232 Cal App 2d 628, 43 Cal Rptr 82 (1965).

On May 7, 1965, the County Court of Tillamook County, Juvenile Department, entered an order accepting the wardship of Ronald, pursuant to transfer thereof from Lane County. The same day, in the Circuit Court of Tillamook County (which was not then the juvenile court in that county), the plaintiffs filed their complaint in equity praying for a decree awarding permanent custody of all three children to them on the ground that the father of the children was unfit to retain their custody.

On June 14, 1965, the father of the children interposed a demurrer which challenged the jurisdiction of the circuit court and which also called attention to the fact that the welfare of the children and the question of their custody were issues in litigation elsewhere. (The wardship of Ronald had been transferred to the County Court of Tillamook County, and the wardship of Debra and Kimberly had been retained in Lane County.)

On July 20, 1965, the Circuit Court for Tillamook County overruled the demurrer. This ruling was in error, and every ruling made by the circuit court thereafter is void.

Nowhere in the record of the suit in equity, the decree from which is appealed in the case at bar, does the Circuit Court of Tillamook County show by what

authority it ousted the Circuit Court of Lane County, Juvenile Department, and the appropriate court of Tillamook County, the Juvenile Department, of their wardships under ORS 419.476 and continuing jurisdiction under ORS 419.474 to supervise the placement of the children until such time as, by order of the appropriate court, wardship should be terminated.

The briefs in this court on behalf of Mr. and Mrs. Phillips dwell at considerable length upon the alleged unfitness of the father to provide a proper home for the children, but wholly fail to explain why this matter could not have been addressed to the court or courts which, under ORS 419.476, clearly had exclusive jurisdiction of the respective children in question.

We need not decide whether, in the absence of statute, there might be some merit in the notion propounded by Mr. and Mrs. Phillips that some kind of doctrine of worthier jurisdiction permits courts of equity to proceed directly to the business at hand without considering the status of pending litigation in other courts. Since the enactment of the juvenile code, litigants in the juvenile courts are not at liberty to ignore the relevant statutes and begin new proceedings in equity merely because they deem such course more expedient than that prescribed in the juvenile code. ORS ch 419.

The provision of ORS 419.476 (3) saving to litigants resort to the appropriate courts and to the courts their general jurisdiction of law and equity in appropriate cases was intended to preserve the availability of the usual remedies in suits and actions involving the torts, contracts, trusts, and other similar matters relating to the affairs of children. It was not intended to invite the sort of forum shopping resorted to by these plaintiffs. It would be absurd to construe ORS

419.476 (1) as vesting exclusive jurisdiction over designated matters in the juvenile departments and ORS 419.476 (3) as creating concurrent jurisdiction over the same matters in other courts.

The files in this court reveal that during the pendency of this appeal the children in question were taken by their father to Multnomah County, where they were provided emergency shelter care by the Circuit Court of Multnomah County, Juvenile Department. Under the provisions of ORS 419.549, the Circuit Court of Lane County, Juvenile Department, thereafter transferred the pending wardships of Debra and Kimberly[9] to Multnomah County on April 22, 1966, and the Multnomah County Juvenile Department accepted jurisdiction on June 18, 1966. On June 17, 1966, the Circuit Court of Tillamook County, Juvenile Department, transferred the pending wardship of Ronald Barker in an order transferring "any proceedings pertaining to any or all of the above-named children" to Multnomah County. The Circuit Court of Multnomah County, Juvenile Department, therefore, appears to be the appropriate court in which the custody question should be resolved.

The decree appealed from is reversed and the suit is dismissed, costs to neither party.

---

[9] The record in this court includes supplemental documents submitted by counsel after this appeal was commenced.