Argued and submitted February 14, reversed and remanded May 21, 1986

In the Matter of Jamesina Wilma Vest,
an alleged mentally retarded person.

CHILDREN'S SERVICES DIVISION,
STATE OF OREGON
*Respondent,*

*v.*

VEST,
*Appellant.*

(1325; CA A35322 (Control))

In the Matter of Christopher Reinlein,
an alleged mentally retarded person.

CHILDREN'S SERVICES DIVISION,
STATE OF OREGON,
*Respondent,*

*v.*

REINLEIN,
*Appellant.*

(1326; CA A35323)
(Cases consolidated)

719 P2d 904

Steven H. Gorham, Salem, argued the cause and filed the brief for appellants.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Joseph, Chief Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

.

## VAN HOOMISSEN, J.

This is a consolidated appeal from two orders dismissing petitions seeking the civil commitment of two juveniles alleged to be mentally retarded and in need of residential care, treatment and training. ORS 427.235. The issue is whether the Circuit Court in Marion County has jurisdiction over the juveniles. We conclude that it does. Therefore, we reverse and remand.

The juveniles in these cases are wards of juvenile courts in counties other than Marion. After having been committed to the legal custody of Children's Services Division (CSD), both were placed at the Fairview Training Center in Marion County. CSD subsequently petitioned the Circuit Court in Marion County for involuntary commitment of the juveniles to the Mental Health Division. The Circuit Court first found that the juveniles were not in need of commitment. CSD then moved for reconsideration and for a change of venue. The Circuit Court granted reconsideration but denied a change of venue. CSD then moved to dismiss the petitions for lack of jurisdiction over the juveniles. The Circuit Court granted CSD's motion and dismissed the petitions.[1] The

---

[1] While granting CSD's motion to dismiss for lack of jurisdiction, the trial court expressed its belief that its ruling made no sense:

"THE COURT: You know, I'm going to rule in favor of you. This is going to save me a lot of work. But CSD and Fairview is (sic) going to have to truck all over the United States with each and every one of these kids along with all of their witnesses and pay all the gas bills, all the motel and other people can work here because they're traveling all over the state getting all these kids recommitted.

"And I'm going to support you. That's fine if that's what you people want. You want and from now on any kid that's under the jurisdiction of CSD will not have a mental health hearing in the Marion County courts.

"The other thing I'm . . .

"MS. GREEN: Your Honor, I would assume . . .

"THE COURT: No, no.

"MS. GREEN: That would not include children who are within the jurisdiction of this court?

"THE COURT: That's correct. Only Marion County kids am I going to hear.

"And I'm going to write Leo Hegstrom a letter saying this is the most foolish and stupid thing I have ever heard of and what's the purpose of the Department of Human Resources but to try to organize these things and get you people to work

juveniles appeal.

■■    Juvenile courts have exclusive original jurisdiction over certain matters. ORS 419.476(1).[2] Civil commitment is not one of those matters. The commitment proceedings initiated in these cases are civil in nature. The provisions of ORS 419.476(1) do not preclude a court of competent jurisdiction from entertaining a civil action involving a child. ORS 419.476(3).[3] The juveniles are residents of Marion County.

---

together.

"Okay, you won. Thank you.

"MR. GORHAM: Your Honor, I think technically if we can maybe make the same arguments for Jamie so that she hears this as well.

"THE COURT: Sure. I, exactly the same thing as to her, you know.

"MR. GORHAM: I know, but I think it's important that she understands that so if we can, if I can get her in and . . .

"THE COURT: Yeah, you know, I, obviously you're the attorney general representing the Department of Human Resources and this must be what Mr. Hegstrom wants and I'll deal with him on it."

[2] ORS 419.476(1) provides:

"The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"(a)  Who has committed an act which is a violation, or which if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city; or

"(b)  Who is beyond the control of the person's parents, guardian or other person having custody of the person; or

"(c)  Whose behavior, condition or circumstances are such as to endanger the welfare of the person or the welfare of others; or

"(d)  Who is dependent for care and support on a public or private child-caring agency that needs the services of the court in planning for the best interest of the person; or

"(e)  Either the person's parents or any other person having custody of the person have abandoned the person, failed to provide the person with the support or education required by law, subjected the person to cruelty or depravity or to unexplained physical injury or failed to provide the person with the care, guidance and protection necessary for the physical, mental or emotional well-being of the person; or

"(f)   Who has run away from the home of the person; or

"(g)  Who has filed a petition for emancipation pursuant to ORS 109.550 to 109.565, 419.710 and this section."

[3] The state relies on *Phillips v. Barker*, 244 Or 513, 419 P2d 15 (1984), for the proposition that, once the children became wards of the juvenile courts in other counties, those courts retained jurisdiction in all future cases involving the children, merely by virtue of their wardship. *Phillips* does not so hold. In that case, the custody

Therefore, the Circuit Court in Marion County had jurisdiction over them for this purpose. ORS 427.235(1).[4]

Reversed and remanded.

---

issue raised in the second county was the same issue in litigation in the county having wardship of the children. Moreover, the custody issue was one which the juvenile court was authorized to decide. *See former* ORS 419.507(1).

[4] ORS 427.235(1) provides in relevant part:

"Any two persons may notify the judge of the court having probate jurisdiction for the county or the circuit court, if it is not the probate court but its jurisdiction has been extended to include commitment of the mentally retarded under ORS 3.275, that a person within the county is a mentally retarded person in need of commitment for residential care, treatment and training."